# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Joshua A. Mays, #HC02181938635,  )<br>  )<br>      Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>J. Reuben Long Detention Center,  )<br>Prison Medica Providers,  )<br>Officer Smith,  )<br>  )<br>      Defendants.  )<br>_____ ) | Civil Action No.: 4:19-cv-01310-JMC<br><br>**ORDER** |

  Plaintiff Joshua Mays brought this action pursuant to 42 U.S.C. § 1983, proceeding *pro se*[1] and *in forma pauperis*[2], alleging violations of his constitutional rights based on medical neglect. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 12), filed on June 25, 2019, recommending the court dismiss this action with prejudice and without issuance of service of process for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 or, alternatively, summarily dismiss this action with prejudice for failure to state a claim in accordance with 28 U.S.C. § 1915. (*Id.* at 7.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 12) and **DISMISSES** this action with prejudice.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] This action was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.

## I. RELEVANT BACKGROUND

The Report sets forth the relevant background facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 12.) On August 26, 2019, Plaintiff filed this action alleging that during pre-trial detainment, Defendants violated Plaintiff's constitutional rights by failing to provide medical treatment and physical therapy following surgery. (ECF No. 1 at 6.) On May 15, 2019, the Magistrate Judge issued an order notifying Plaintiff that his action would be subject to summary dismissal if he did not cure certain pleading deficiencies and providing Plaintiff an opportunity to bring his Complaint into proper form. (ECF No. 6.) Plaintiff did not respond to the Magistrate Judge's order and the time for compliance has passed. On June 25, 2019, the Magistrate Judge issued the Report, recommending the court dismiss this action with prejudice and without issuance of service of process for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 or, alternatively, summarily dismiss this action with prejudice for failure to state a claim in accordance with 28 U.S.C. § 1915. (ECF No. 12 at 7.) The Report advised Plaintiff of his right to submit objections within fourteen (14) days of service. (*Id.* at 8.) Plaintiff did not file any objections to the Report.

## II. ANALYSIS

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific

objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III.   CONCLUSION

Here, Plaintiff has not filed any objections to the Report. After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 16, 2021
Columbia, South Carolina